UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO. |
| | : | |
| PERRY SANTILLO, | : | |
| | : | |
| Defendant. | : | |

### INFORMATION

Mail Fraud
(18 U.S.C. § 1341)

THE UNITED STATES ATTORNEY CHARGES:

At times material to this Information:

I. Introduction

1.   PERRY SANTILLO was a resident of Rochester, NY.   He was a founder, member, manager, and CEO of First Nationle Solution, LLC. SANTILLO offered and sold securities in First Nationle, Percipience Global Corporation, United RL Capital Services LLC, and other issuers to investors.   SANTILLO also provided investment advice to those same investors.

2.   A "Ponzi scheme" is a type of financial fraud, in which an investment operation claims to pay returns to customers based on some

1

promised investment strategy.   In fact, however, in a Ponzi scheme, the perpetrators do not invest a client's money as promised; instead, one investor is paid from money "invested" by another.

3.   First Nationle Solution, LLC was a Michigan corporation. First Nationle purported to conduct business in areas including leveraged investments, the financial services industry, insurance, and real estate development, among others.

4.   Percipience Global Corporation was a Delaware Corporation. Percipience purported to conduct business by providing loans to borrowers to buy and improve single-family houses.

5.   United RL Capital Services LLC was a Delaware and Michigan Corporation.   United RL purported to conduct business by financing physician-owned toxicology laboratories.

6.   In fact, First Nationle, Percipience Global and United RL did not conduct their purported businesses.   Rather, SANTILLO and others working with him operated each business primarily as a Ponzi scheme by issuing securities in the form of promissory notes, soliciting and then misappropriating substantial amounts of investor funds, and

2

using some remaining investor funds to pay off redeeming investors.

II. The Scheme and Artifice to Defraud

7.   Beginning at least as early as January 2008 and continuing until at least June 2018, the defendant,

PERRY SANTILLO,

aided and abetted by others known and unknown, did devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions.

8.   As part of the scheme and artifice to defraud, SANTILLO and others travelled the country and bought books of business from investment professionals such as registered representatives and investment advisors.   SANTILLO, with the help of others, then solicited investors from within those acquired books of business to withdraw money from traditional investments such as annuities, and reinvest the funds in issuers controlled by SANTILLO and others, including, but not limited to, First Nationle, Percipience, and United RL,, sometimes without disclosing that SANTILLO and his

3

confederates controlled those issuers.

    9.   The scheme defrauded investors throughout the United States.  In total, SANTILLO and his confederates raised at least $115.5 million through fraudulent offerings between January 2008 and June 2018.  The majority of that money was paid to redeeming investors in Ponzi scheme payments and misappropriated by SANTILLO and his associates in the scheme.  Misappropriated funds were used for personal purposes including, but not limited to, at least $1 million spent on custom suits and lavish parties.

    10.  In the Middle District of Pennsylvania, SANTILLO and those who aided and abetted him conducted their fraud scheme under the guise of an "investment business" located in Scotrun, Monroe County, using various business names, including Advice and Life Group, Poconos Investments, First American Securities, and Financial Planners Group of America.  Since May 2015, SANTILLO and his confederates fraudulently raised at least $3 million from approximately 30 investors in Pennsylvania, including investors in the Middle District of Pennsylvania, by selling fraudulent investments in First Nationale,

Percipience, United RL, and other fraudulent issuers, all of which were
operated as Ponzi schemes.

### The Fraudulent Offerings

11.   SANTILLO and others working with him fraudulently
induced investors to invest at least $46 million in the First Nationle
offering since February 2012, $22 million in the Percipience offering
since July 2012, and $25 million in the United RL offering since March
2015.

### Misrepresentations, Omissions, Misappropriations, and Breaches

12.   SANTILLO and his confederates misrepresented to investors
that money invested in First Nationle, Percipience, United RL, and
other issuers would be used to conduct the purported business of each
respective issuer.   Investors were not told that – in fact – the issuers
were Ponzi schemes and that a significant portion of investor funds
were used to repay redeeming investors in the Ponzi schemes and were
misappropriated for the personal use of SANTILLO and others.
SANTILLO breached fiduciary duties he owed to investors when he
failed to use investor funds as represented, and when he failed to

inform investors that he and his confederates were misappropriating investor funds.

13.   The above-listed companies' offering documents, as provided to investors by SANTILLO and others, as well as the companies' respective websites, as created by SANTILLO and others, falsely indicated that investments would be used to fund legitimate businesses. However, rather than use investors' funds for purported legitimate business purposes, SANTILLO and his confederates misappropriated vast amounts of the funds for their personal use and used some of the funds to pay redeeming investors in the Ponzi scheme.

14.   SANTILLO and his associates also misrepresented the ongoing performance – or lack thereof – of investors' investments. SANTILLO and others provided account statements to investors falsely stating that investor funds were invested, falsely stating investment returns, and in some cases falsely stating that a bonus had been credited to investor accounts.   In certain instances, SANTILLO and others provided investors with bonus funds or interest payments, and in other cases SANTILLO and others provided redeeming investors with

all or part of their funds, at times with returns.   These were Ponzi
payments derived from new investor funds rather than actual
investment returns.   In other cases, SANTILLO and others failed to
fulfill the requests of investors to redeem their investments.

15.   Of the at least $115.5 million raised by SANTILLO and his
associates, approximately $44.8 million was paid out to earlier investors
in Ponzi scheme payments and tens of millions of dollars were
misappropriated by SANTILLO and his confederates through transfers
to bank accounts they controlled, and through other methods.

## Execution of the Scheme Through Mailings

16.   It was further a part of the scheme and artifice that
SANTILLO transmitted, and caused to be transmitted by others,
interstate mailings, including mailings to and from the Middle District
of Pennsylvania from and to locations outside of the State of
Pennsylvania.   The mailings included delivery of mail matter by
private and interstate carrier and by the United States Postal Service.

17.   On or about November 9, 2017, in the Middle District of
Pennsylvania, for the purpose of executing and attempting to execute

the above-described scheme and artifice to defraud and deprive, PERRY

SANTILLO did knowingly cause to be delivered by mail, according to

the direction thereon, the following matter: investment documents and

investor correspondence related to First Nationle Solution, mailed from

Rochester, New York to a victim-investor with the intials "J.P." in

Hawley, Wayne County, within the Middle District of Pennsylvania.

All in violation of Title 18, United States Code, §§ 1341 and 2.


                                        DAVID J. FREED
                                        United States Attorney

                              By:

                                        SEAN A. CAMONI
                                        Assistant United States Attorney

Date: October 7, 2019